# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES DEAN WALTON, SR., )
LINDA JANE MCGEE, NICHOLAS )
CAVNAR as personal representatives for )
the estate of JAMES D. WALTON, JR., ) C.A. No. N18C-04-314 FWW
and KENNETH A. BRYANT, III as )
personal representative of the estate of )
RICHARD GREGORY CHITTICK, )
  )
        Plaintiffs, )
  )
        v. )
  )
ROGER LOUIE COLE, )
  )
        Defendant. )

Submitted: September 3, 2020
Decided: September 10, 2020

## ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

Lawrance Spiller Kimmel, Esquire and Brian S. Legum, Esquire, Kimmel, Carter, Roman, Peltz, & O'Neill, P.A., Plaza 273, 56 West Main Street, 4th Floor, Christiana, Delaware 19702, Attorneys for Plaintiffs.

Daniel P. Bennett, Esquire, and Kiadii S. Harmon, Esquire, Mintzer, Saraowitz, Zeris, Ledva & Meyers, LLP, Citizens Bank Center, 919 North Market Street, Suite 200, Wilmington, Delaware 19801, Attorneys for Defendant.

**WHARTON, J.**

This 10th day of September, 2020, after having considered Plaintiffs' application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court dated August 17, 2020; Defendant Roger Louie Cole's opposition; and the record in this case, the Court finds that such order does not determine a substantial issue of material importance that merits appellate review before a final judgment and denies the application. In making this determination, the Court has considered the following criteria of Supreme Court Rule 42(b)(iii), and has concluded as follows as to each criteria:

1. **Rule 42(b)(iii)(A).** The Plaintiffs have not argued this portion of Rule 42, and the Court finds it not relevant.

2. **Rule 42(b)(iii)(B).** In their application Plaintiffs argue that the interlocutory order conflicts with the Delaware Supreme Court's decision in *Lutzkovitz v. Murray*[1] in which that court held that a sudden medical emergency occurs "where a driver of a vehicle suddenly becomes physically or mentally incapacitated without warning." This Court does not perceive its decision to be in conflict with *Lutzkovitz*. Rather, it is consistent with *Lutzkovitz*. This Court denied summary judgment in part because it found that there was a genuine issue of material fact as to whether the accident was avoidable. There was a period of approximately one minute between when the Defendant first began experiencing a medical event

---

[1] 339 A.2d 64 (Del. 1975).

2

and the fatal accident. During that time the Defendant appeared to be in control of his vehicle, and arguably could have pulled over to the side of the road, thereby avoiding the crash. In other words, the Court denied summary judgment for that period of time when there was a genuine issue of material fact as to whether the Defendant had a warning of the impending medical event. The Court granted summary judgment in part because the Defendant otherwise had no warning that he would experience a sudden medical emergency. Thus, the Court perceives no conflict with *Lutzkovitz*.

3. **Rules 42(b)(iii)(C)-(G).** Plaintiffs have not argued these portions of Rule 42 and the Court finds them not relevant.

4. **Rule 42(b)(iii)(H).** The other ground Plaintiffs offer in support of their application is that interlocutory review will serve considerations of justice in that Plaintiffs will be permitted to submit questions of fact to the jury and substantially reduce further litigation and avoid unnecessary litigation costs and delay. But, this rationale only holds if Plaintiffs are correct. Otherwise, an interlocutory appeal will have the opposite effect of increasing the amount of litigation and associated costs. By Plaintiffs logic, interlocutory appeals should certified in all cases where summary judgment is granted in part and denied in part. The Court does not subscribe to that position.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Application for Certification of Interlocutory Appeal to the Supreme Court in accordance with Rule 42 of that Court is **DENIED.**

_____
Ferris W. Wharton, J.